THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* WILLIAM M. TWEED, impleaded, etc., Appellant.

A defendant may be held to bail in a second action commenced for the same cause as that of a previous action discontinued, where the second action is not vexatious.

Whether it is so or not is a question of fact depending upon the circumstances, and the decision thereof is not reviewable here.

An order of discontinuance, and that plaintiff pay defendant's costs when taxed, is valid and effectual from the time it is served, and plaintiff is not in default until defendant has procured his costs to be adjusted and demanded. When this is done the question as to the remedy of the party is one of practice, to be determined by the court below.

The question as to the amount of bail is one of discretion for the court below, and its decision is not appealable.

The question as to the constitutionality of a statute upon which an action is based is a matter to be litigated upon the trial of the action, and will not be determined upon a special motion.

*It seems*, that the State legislature possesses full power, except as restricted by the Constitution, to control by direct legislation the local affairs of a public nature, of any of the civil divisions of the State; and that therefore the act of 1875 (chap. 49, Laws of 1875), authorizing actions to be

brought in the name of The People to recover moneys belonging to, and unlawfully obtained from, a municipal or other public corporation, is constitutional.

(Argued November 9, 1875 ; decided November 16, 1875.)

APPEAL from an order of the General Term of the Supreme Court in the first judicial department, affirming an order denying a motion made on behalf of defendant Tweed to vacate an order of arrest or to reduce the amount of bail.

This action was brought under the act, chapter 49, Laws of 1875, to recover moneys alleged to have been fraudulently and unlawfully obtained from the corporation of the city of New York by defendant Tweed and others. The amount claimed was over $6,000,000. It appeared by the moving papers that defendant Tweed was held to bail in the sum of $3,000,000. A warrant of attachment was also issued but it did not appear that any property was levied upon by virtue thereof. A former action had been commenced prior to the passage of said act in the name of The People against defendant Tweed and others, as alleged for the same cause of action. After the decision of this court therein holding the action could not be maintained in the name of The People (58 N. Y., 1), an order was entered discontinuing the action as against defendant Tweed, and that plaintiffs pay to said defendant or to his attorneys his costs upon taxation thereof. This order was entered prior to the arrest in this action. No action was taken on the part of said defendant to have his costs taxed and no demand was made therefor. After the service of papers for this motion, plaintiffs' attorneys served on the attorneys for said defendant a notice to tax his costs and an offer to pay the same, to which no attention was paid.

*David Dudley Field* for the appellant. Defendant could not be held to bail in this action. (1 Tidd's Pr. [3d Am. ed., 1856], 174; *Archer* v. *Champney*, 3 Moore, 607; *Peck* v. *Hozier*, 14 J. R., 346; *Enoch* v. *Ernst*, 21 How. Pr., 96; *People* v. *Kelly*, 1 Abb. Pr. [N. S.], 432; *Wright* v. *Ritterman*, 4 Robt., 704; *In re Johnson*, 7 id., 269.) Until the

costs were paid in the first suit the order of discontinuance was not effectual. (*Pignolet* v. *Daveau*, 2 Hilt., 584; *Morrison* v. *Ide*, 4 How. Pr., 304; *Harden* v. *Hardwick*, 2 Hill, 386; *James* v. *Delevan*, 7 Wend., 511; *Molling* v. *Buckholtz*, 3 M. & S., 153.) A party cannot use the two provisional remedies of arrest and attachment at the same time. (*R.*, *R. I. and S. L. R. R. Co.* v. *Boody*, 56 N. Y., 456; *Daniels* v. *Wilcox*, 2 Root, 346; *Trafton* v. *Gardener*, 39 Me., 501; 16 U. S. Dig., 66; *Wilkes' Cases*, 19 Howell's St. Trials, 1083.) Chapter 49, Laws of 1875, is unconstitutional. (*Rumsey* v. *People*, 19 N. Y., 41; *Lanning* v. *Carpenter*, 20 id., 447; *People* v. *Albertson*, 55 id., 56; *People* v. *Marlborough*, 54 id., 77.)

*W. H. Peckham* for the respondents. The order was not appealable. (Code, § 11, sub. 4; *Matthews* v. *Gane*, 7 Wheat., 164–206; *Tilton* v. *Beecher*, 48 How. Pr., 175; *Genin* v. *Tompkins*, 1 Code R. [N. S.], 415; *Hasbrouck* v. *Kingston*, etc., 3 Keyes, 480; *Paul* v. *Munger*, 47 N. Y., 465; *People* v. *Schoonmaker*, 50 id., 499; *Cushman* v. *Brundrett*, id., 296; *R.*, etc., *R. R. Co.* v. *Boody*, 56 id., 456, 460; *Hart* v. *Kennedy*, 39 Barb., 186.) The rule that no one shall be arrested a second time by the same plaintiff for the same cause of action, does not apply. (*Attorney-General* v. *Dublin*, 1 Bligh [N. S.]; *Barnes* v. *Maton*, 15 East, 631; *Peck* v. *Murdock*, 14 J. R., 346; *Brown* v. *Davis*, 1 Chit. [K. B.], 161; *Bates* v. *Parry*, 2 Wils., 381; *Omnius* v. *Delaney*, 2 Stra. [K. B.], 1216; *Furton* v. *Hayes*, 1 id., 439; *Harris* v. *Roberts* [C. P.], Barnes, 73; *Kearney* v. *King*, 1 Chit., 273; *Archer* v. *Champney*, 3 Moore, 608; 1 B. & B., 289; *Musgrave* v. *Medex*, 8 Taunt., 24; *Hamber* v. *Cosher*, 2 C., M. & R., 148; 3 D. P. C., 671; 1 Gale, 103; 5 Tyr., 103; *Barker* v. *Lindholt*, 11 W. R. [Q. B.], 68; Gra. Pr. [2d ed.], 133; *James* v. *Delavan*, 7 Wend., 512; *Huntington* v. *Forkson*, 7 Hill, 197; *Buff.*, etc., v. *Johnson*, 42 N. Y., 215; *Stansbury* v. *Durell*, 1 J. Cas., 397; *Provost* v. *Johnson*, 12 Wend., 289; *Bloodgood* v. *Mohawk R. R. Co.*, 18 id., 27;

*Wolfe* v. *Browner*, 5 Robt., 601; *Union Bk.* v. *Mott*, 9 Abb. Pr., 108; *Lovell* v. *Martin*, 21 How. Pr., 238; *Hathorn* v. *Hall*, 4 Abb. Pr., 227; *White* v. *Smith*, 4 Hill, 166; *Foster* v. *Bowen*, 1 Code R. [N. S.], 236; *Belcher* v. *Gansell*, 4 Burr., 2503; *Hope* v. *Acker*, 7 Abb. Pr., 308; *Crockett* v. *Smith*, 14 id., 62; *Orphan* v. *McCartee*, Hopk., 372.) Plaintiffs have a cause of action under chapter 49, Laws 1875. (*Baldwin* v. *Mayor*, 2 Keyes, 403.) Arrest and attachment may coexist. (*R.*, etc., *R. R. Co.* v. *Boody*, 56 N. Y., 456; *Fitzgerald* v. *Blake*, 42 Barb., 513; *Rodgers* v. *Bonner*, 55 id., 9; *In re Edelsten*, MS., WESTBROOK, J.) The bail was not excessive. (*Norden* v. *Horseley*, 2 Wils., 69; *Whiskand* v. *Wilder*, 1 Burr., 330; 1 Tidd's Pr., 149; 1 Burr. Pr., 96, 358, 359, 365; 395; 2 R. S., p. 270, § 8; *Welsh* v. *Hill*, 2 J. R., 100; *Jordan* v. *Jordan*, 6 Wend., 525.)

CHURCH, Ch. J. The questions presented on this appeal are :

First. Whether the defendant can be held to bail in a second action commenced for the same cause of a previous action discontinued.

The defendant invokes the maxim, "*Nemo debit bis vexari pro una et eadem causa.*" (3 Moore, 607.)

Assuming that this is for the same cause of action as the previous action, it is always a question of fact depending upon circumstances whether the second action is vexatious. When such is the fact the general rule is that the defendant shall not be again arrested, otherwise he may be. The exemption is not a matter of legal right, but to be determined by the circumstances. (1 Chitty Rep., 161, 273 [K. B.]; 2 Wilson, 381; 2 Stra., 1216 [K. B.]; 1 id., 439; 14 J. R., 346; 8 Taunt., 24.)

The first action was discontinued upon the final decision of this court against the right to bring it in the name of The People of the State. A special act of the legislature was subsequently obtained authorizing it, and this action was commenced in pursuance of such act. The good faith of the

former prosecution is not questioned, and the circumstances repel the idea of vexation. It is not reviewable in this court.

· Second. The second point is, that the first action was not discontinued when the arrest was made, and this is affirmed upon the ground that the costs of the former action had not been paid. The action was discontinued by an order of the Special Term, and the plaintiffs were ordered to pay the costs, which was offered to be done on behalf of the plaintiffs as soon as adjusted. We think the order of discontinuance was valid and effectual from the time it was served, and the plaintiffs would not be in fault, until the defendant procured the costs to be adjusted and demanded, which was never done. If it had been done, the question as to the remedy of the party would have been presented to the court below. It is a question of practice for that court to determine.

Third. The next point urged is, that the order to hold to bail should be vacated because the plaintiffs also procured an attachment. It does not appear that any property was levied upon by virtue of the attachment. Besides, this court has held that an order of arrest and attachment may be had in the same action, and that it is discretionary with the court to determine when both remedies may be resorted to. (50 N. Y., 456.) Being discretionary, it is not reviewable here.

Fourth. It is also urged that the amount of bail is excessive. This is clearly a question of discretion for the court below, and so not appealable. There is no rule of law that a party shall not be held to bail in the sum of $3,000,000, especially in a case where the amount sought to be recovered is double that sum.

Fifth. The last question presented is, that the act of 1875 authorizing this action is unconstitutional, upon the ground that the legislature cannot intervene and authorize the attorney-general to prosecute for money belonging to the city or county of New York. We agree with the counsel for the plaintiffs, that this is a question which should be litigated on the trial of the action and not determined upon a special motion, for obvious reasons urged by him. It is not improper,

however, to say that in the former action this court, while holding that the action could not then be prosecuted in the name of The People of the State, intimated that the legislature had the power to authorize such prosecution by statute. The act of 1875 was passed for that purpose. I have examined the brief of the learned counsel, and the opinion of COOLEY, J., cited by him in 28 Michigan, 228, containing an able discussion of the relations existing between the State government of Michigan and municipalities within its jurisdiction, and the right of the former to control the local concerns of the latter, and they have failed to convince me that the legislature of this State does not possess full power, except as restricted in the Constitution, to control by direct legislation the local affairs of a public nature of any of the civil divisions of the State. This general proposition was affirmed by this court in *The People* v. *Flagg* (46 N. Y., 401).

It is, however, unnecessary to elaborate the question or definitely adjudicate it, as it more properly belongs to the trial of the action.

The appeal must be dismissed.

All concur; ALLEN, J., concurring in result.

Appeal dismissed.