THOMAS M. ARGALL, Respondent, *v.* ABRAHAM JACOBS et al.,
Appellants.

Under the Act of Congress of 1874 (Chap. 390, Act of 1874), authorizing a discharge of a bankrupt by composition between him and his creditors, no debt is barred by a composition which would not have been barred under the Bankrupt Act.

A debt, therefore, "created by the fraud of the bankrupt" (U. S. R. S., § 5117), is not barred by a composition and discharge.

To avail himself of the exception in the Bankrupt Act, a creditor is not bound to base his action upon or to set up the fraud in his complaint.

He may sue upon the debt or upon notes given therefor, and if the composition and discharge is set up as a defense, he may meet it by proof of the fraud; and this without serving a reply, unless a reply has been directed by the court, as provided by the Code of Civil Procedure (§ 516).

(Argued October 26, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 21, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 21 Hun, 114.)

The nature of the action and the material facts appear in the opinion.

*Samuel Hand* for appellants. The suit being upon the notes, without any disclosure of any right of action for goods sold or claim of a fraud being perpetrated, no evidence of fraud was admissible. (Old Code, § 14; *Hilsen* v. *Sibley*, 12 J. & S. 12.) In the present case the plaintiff could not avoid the complete defense to the cause of action he had alleged by proving another cause of action which he had not alleged. (*Butler* v. *Viele*, 44 Barb. 166; *Wells* v. *Jewett*, 11 How. 242.) The action being one upon the notes which the plaintiff had proved in bankruptcy, the composition was by the bankruptcy law a complete bar to it. (*Joslin* v. *Cowee*, 52 N. Y. 90.) The composition in bankruptcy was a defense to the action, although frauds were properly shown in the case. (*In re Adolphus Bechel*, 12 B. R. 201; *In re Trafton*, 14 id. 507; *Wells & Lamprey*, 16 id. 205; *Schaffer* v. *Weisehœft*, 17 N. B. R. 116; *In re Morris*, 12 id. 170; *In re Haskell*, 11 id. 74; *In re Odell*, 16 Nat. B'k'cy Reg. 501.)

*D. C. Briggs* for respondent. A debt created by the fraud of a bankrupt is not discharged by composition proceedings in bankruptcy. (*Libbey* v. *Strasburger*, 14 Hun, 120; *Tallcott* v. *Harris*, 18 id. 567; *Claflin* v. *Seessels*, MSS. 1876; *Scott* v. *Olmstead*, 23 Alb. L. J. 96; *S. C.*, 52 Vt. ; *Mudge* v. *Wilmot*, 14 N. Y. Daily Reg., No. 27, p. 209; *S. C.*, 124 Mass.

493 ; *Morse* v. *Hutchins,* 102 id. 439 ; *Turner* v. *Atwood,* 124 id. 411 ; *In re Devol,* 1 Lowell, 251 ; *Leggett* v. *Barton,* 11 Vroom, 83.) Composition proceedings are proceedings in bankruptcy. It is only as such that Congress has power to authorize them. (*In re Reiman,* 11 N. B. R. 21 ; 12 Blatchf. 562–566.) The debts of a bankrupt to the creditors who consent to a composition are discharged by the satisfaction which those creditors agree to accept. (*Tilton* v. *Alcott,* 16 Barb. 598 ; *Hammond* v. *Christie,* 5 Robt. 160 ; *Day* v. *Roth,* 18 N. Y. 448, 456 ; *In re Bechet,* 12 N. B. R. 201.) In order to give effect to the provisions of section 5117, the composition provisions of section 5103, as amended, must be held not to include debts contracted by fraud, or to make the composition binding *in invitum* as to such debts. (*The People* v. *Potter,* 47 N. Y. 379 ; Potter's Dwarris on Statutes, 188, 189, Domat's 10th Rule ; Sedgwick on Construction, etc., Pomeroy's Notes, p. 244 ; *In re Rosenberg,* 3 Ben. 14 ; *In re Wright,* 2 id. 509 ; *In re Robinson,* 6 Blatchf. 253 ; *Hoyt* v. *Freel,* 8 Abb. [N. S.] 220 ; *Allen* v. *Ward,* 36 Sup. 290 ; *Ansonia Brass & Copper Co.* v. *The New Lamp Chimney Co.,* 53 N. Y. 123 ; *The New Lamp Chimney Co.* v. *Ansonia Brass and Copper Co.* (U. S. Supreme Ct.), 13 Alb. L. J. 74–76 ; 3 Central L. J. 160.) The provisions for composition are to be construed as if they had been contained in the original act. (*Smith* v. *The People,* 47 N. Y. 330, 339 ; *Rogers* v. *Bradshaw,* 20 Johns. 735, 744 ; *McCartee* v. *Orphan Asylum,* 9 Cow. 437, 507 ; *Perkins* v. *Perkins,* 62 Barb. 531, 534 ; *United States* v. *Lysen,* 11 Wall. 88 ; *Bowen* v. *Lease,* 5 Hill, 221, 226 ; *Harrell* v. *Harrell,* 8 Fla. 46 ; *King* v. *Leighton,* 58 N. Y. 386 ; *In re Frost,* 11 N. B. R. 69 ; *In re Green Pond R. R. Co.,* 13 id. 118 ; *In re Saunders,* id. 164, 166 ; *In re Derby,* 12 id. 241.)

EARL, J. This action was brought upon two promissory notes given by the defendants to the plaintiff for goods sold. They, in their answers, admit the making and delivery of the notes, and set up, as an affirmative defense, a compo-

sition and discharge thereby in bankruptcy subsequent to the date of the notes.

Upon the trial, the plaintiff, to avoid the effect of the bankruptcy discharge, gave evidence, under objection and exception, tending to show that his debt was created by the fraud of the bankrupts, and the trial judge charged the jury that if they found that the debt was so created the discharge was no bar to the action, and to this defendants' counsel excepted.

The Bankrupt Act of 1867 (U. S. Revised Statutes, § 5117), provides that "no debt created by the fraud of the bankrupt * * * * shall be discharged by proceedings in bankruptcy;" and the act of Congress, chapter 390 of the acts of 1874, introduced the system of discharges by composition between the bankrupt and his creditors. It was strenuously argued before us, on the part of the defendants, that a composition under the act of 1874 was binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, were shown on the statement of the debtor produced at the meeting of creditors at which the resolution favoring the composition was passed, whether their respective debts were created by fraud or not; and that the limitation above cited from the act of 1867 did not apply in such a case. The plaintiff, however, contends that no debt is barred by the bankruptcy composition which would not have been barred under the Bankrupt Act of 1867; and so it was held in *Wilmot* v. *Mudge* (103 U. S. S. C. 217). Upon this branch of the case, therefore, nothing more needs be said.

But it is further contended on the part of the defendants that the plaintiff cannot have the benefit of the limitation contained in the act of 1867, because he did not base his cause of action upon the alleged fraud, but upon the promissory notes, making no allusion to the fraud in his complaint. It is not provided that no cause of action for fraud shall be discharged, but that "no debt created by fraud" shall be discharged. These promissory notes were debts of the defendants, and the plaintiff was induced by the fraud of the defendants to sell goods to them and take their notes therefor, and hence these debts were

created by their fraud within the meaning of the Bankrupt Act. It was not needful that the plaintiff should allege the fraud in his complaint. It was no part of his cause of action. It was needful only for him to prove it, not as part of his cause of action, but as an answer to the affirmative defense set up. This he could do under our present system of pleading without any reply to the defense set up. To avoid any surprise upon the trial, the defendants could have procured a reply under section 516 of the Code, which provides that "where an answer contains new matter containing a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter."

In this case the plaintiff could sue the defendants directly for the fraud or for the purchase-price of the goods; and in either case he would have been obliged to surrender the notes upon the trial; or he could sue, as he did, upon the notes; and in either case proof of the fraud would be an answer to the bankruptcy discharge, the plaintiff having taken no part whatever in the composition proceedings.

We have carefully examined the evidence, and it was abundant to authorize a finding by the jury that the alleged fraud was perpetrated.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.