By the Court.—Sedgwick, Ch. J.
The present action is upon contract and not in tort. The statements in the complaint that' allege that the defendant was guilty of a fraud in contracting, or incurring the liability, did not change the nature of the cause of action. They were made under subdivision 4 of section 549 of the Code Civ. Proc., that the plaintiff might be justified in procuring defendant’s arrest. That section specifically provides for such allegations in an action upon contract. There is, therefore, no question as to whether, after the plaintiff made proof in the bankruptcy pro *393 ceedings as a creditor upon contract, he could maintain an action in tort (Argall v. Jacobs, 87 N. Y. 110; Moller v. Tuska, 87 Id. 166).
“The position that section 5105, TJ. S. Rev. Stat., so far as it provides that a creditor proving his debt in bankruptcy “shall be deemed to have waived all right of action against the bankrupt,” is to be applied to the present action, does not seem to me to be correct.
The opinion of the supreme court of the United States in Lamp Chimney Co. v. Brass & Copper Co. (91 U. S. 656), is, “on the contrary, it is well settled that no-consequences can be allowed to follow from proving a debt which are inconsistent with the provisions of section 33,” citing Exp. Robinson (6 Blatchf. 203); In re Rosenberg (2 N. B. R. 81). Section 33 was the same in words as the present section 5117, which enacts that ‘ ‘ no debt created by the fraud, etc., of the bankrupt shall be discharged, but the debt may be proved, and the dividend thereon shall be a payment on account of such debt.” Whatever expressions in Shellington v. Howarl (53 N. Y. 371), might support another position, must be. considered to be subject to the opinion of the court of appeals in Ansonia Brass & C. Co. v. New Lamp Chimney Co. (53 N. Y. 123), and the opinion of the supreme court of the United States that has been cited in the same case, on error.
Nor did the bankrupt act prohibit the defendant’s arrest for the present cause of action, during the pendency of the bankruptcy proceedings. Section 5107 is, “No bankrupt shall be liable, during the pendency of the proceedings in bankruptcy, to arrest in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him.”
It is claimed for respondents that, at the time the plaintiff applied for the order of arrest, an order had been made in the bankruptcy proceeding; *394 that all suits and proceedings on the part of this plaintiff and others, to collect the debts set forth “in a certain affidavit,” be stayed to await the question on the discharge, and the plaintiff and others “are hereby enjoined and restrained' from farther proceedings against said bankrupt, in the respective suits and proceedings now pending,” “until the further order of the court.” It was the fact that, at the time this order was made, the plaintiff had an action pending in the common pleas against the bankrupt, for the same cause as in this present action. It is alleged that after the injunction order was served upon the present plaintiff’s agent, or shown to his attorney, who now appears for him, the action in the common pleas was discontinued and the present action begun, and the order of arrest obtained in it. There was an application made in the United States district ■court to punish the attorney and the agent of the plaintiff for contempt in violating the injunction order by bringing the present action. The learned judge of the district court was of opinion that the bringing of this action after service of the order would be a contempt, but that proof of the service of the order upon the accused parties had not been made. He ordered a reference to take testimony as to the service. ■ There has not been any determination as to whether the accused persons were guilty of contempt. Upon this it is urged that the persons were guilty of contempt in fact, and that therefore the court was right in setting aside the order of arrest.
It cannot be held that the mere making of the injunction order stayed the plaintiff, irrespective of his knowledge of it. And whether his action was, in fact, a violation of the order, after his agents had been •served with it, can only be determined by the court who issued the order. This court cannot say whether the plaintiff’s course violated the order of the district *395 court so as to deprive him of what otherwise would be & legal remedy. The possession and exercise of such a power would imply that this court had power to shield the parties from a subsequent attempt to punish in the district court in bankruptcy. It must not be forgotten that, whatever efficacy there would be in the injunction order to annul the order of arrest, it would affect equally .the action itself.
In reality, the injunction order was not made to be applied to the proceedings themselves in the State courts. The district courts in bankruptcy never desired to make any mandate to the State courts. It was enough for them to regulate the action of persons in attempting to prosecute proceedings in the State court during proceedings in bankruptcy. The object was sufficiently secured by its power to fine and imprison any person who should disregard the restraining order after it had been brought to his notice. Like an injunction in chancery, it did not assume to pass upon the merits of the proceeding enjoined, as such merits would be adjudged by the jurisdiction in which the proceeding was. It goes no farther than forbidding the person to apply for a particular remedy in another court, and threatens with punishment if he do apply, but does not touch the legality of the remedy obtained upon an application in violation of the injunction. In Kelley v. Cowing (4 Hill, 266), Nelson, Ch. J., said : “ It is a general rule that courts of law will not lend their aid to enforce injunctions from chancery ; nor do they ordinarily take any notice of such writs in the course of proceedings in suits at law. The case of Burt v. Mapes (1 Hill, 649) is an authority to show that, if the payees of the note in question had instituted a suit in this court against the defendant, we should not have received the facts now set up to avoid the effect of the payment in bar of the action, and I do not see, therefore, how we can consistently say that -payment was *396 not well made. We should have allowed the plaintiffs to go on with the suit and left the court of chancery to deal with them as it saw fit, under the particular circumstances of the case. That court might have excused the act and overlooked the breach of' its process. At all events, we do not assume the office of determining what shall or shall not be the effect or consequences of such a breach of its process. vIt is enough that the court of chancery possesses ample power to punish any unwarrantable interference with or violation of its mandates, and does not need the aid of this court. The aggrieved party has yet an opportunity to reach the assignees, and may be remunerated for all his damages by the infliction of proper fines, if the case be one which, in the ordinary course of proceedings, and in the exercise of a sound discretion, would be regarded as demanding the interference of the court of chancery (Hoyt v. Gelston, 13 Johns. 139).” I am of opinion, therefore, that the injunction order did not invalidate the application for the order of arrest or the order itself, and much less the beginning of the action.
Again, the bankruptcy act does not, 'propria vigorey stay an action of this kind, or forbid its being begun, during the pendency of bankruptcy proceedings. Such an operation is attributed by counsel to section 5106, U. S. Rev. Stat. The words however, of that section, would seem to lead to a contrary result. They use no expressions to indicate, that the purpose was to deal with the intrinsic character of the suit against the bankrupt, or that the intent was that no suits should be begun, as distinguished from being prosecuted after they were begun. The inhibition is upon the creditor personally, viz: “No creditor whose debt is provable shall be allowed to prosecute .... any suit at law or in equity therefor, etc.” If the intent was that such a suit was not to be valid, inasmuch as it was forbidden, the bankrupt could protect himself by setting up the *397 defense in bar as against the further prosecution, etc. It would not, in such case, be appropriate or significant to enact that no creditor shall be allowed to prosecute, for the phrase implies, that if he be allowed to prosecute, the prosecuting will be valid and effective.
The provision is not against prosecuting in general, or any step whatever, but it declares that the creditor shall not “be allowed to prosecute to final judgment.” A prosecution which is not to final judgment is not, by the terms, to be disallowed. The beginning of an action and a preliminary step in it are not, by the terms, disallowed to a creditor. At what point, then, short of final judgment, do the terms of the statute mean to stay the creditor % There the statute is silent. But it would seem clear that the statute, by its own force, independent of the means of enforcement provided in the subsequent part of the section, does not mean that a creditor shall not be allowed to begin an action and take some further step, —e. g., an order of arrest in it.
The "nature of the provision is such, that it would seem, that, so far as the bankruptcy act itself is concerned, the sole method of enforcing the provision is that which is immediately thereafter described, viz.: “and any such suit or proceedings shall, upon the application of the bankrupt, be stayed, etc.” This refers to an injunction order in the court in bankruptcy, the force of which we have considered.
I am of opinion, that the statute, of its own force did, not stay the plaintiff from beginning this action and obtaining the order of arrest.
There is no intention of intimating that it is not within the power of this court, or not its duty, upon proper application, to stay the proceedings against a person who had filed a petition in bankruptcy. Of course, on the other hand, it is not intimated that it would be proper to stay the beginning of an action, or the arrest of the party, in view of section 5107.
*398 The general result may be stated, that this cause of action was not waived under the bankruptcy act; that no provision of the act made an arrest in the action unlawful, or forbade the beginning of the action ; that the fact that this action was begun, and the order of arrest obtained and executed in contempt of an injunction order of the district court in bankruptcy, would not invalidate the proceedings ; that, however, the parties not having been convicted of contempt by the district court, this court cannot determine whether or not there was any contempt or violation of the order.
The defendant had been arrested in the action in the common pleas, brought by this plaintiff. The arrest was made by warrant, under the Stilwell act. It is then argued that the arrest, in the present action, was illegal, as it was, as is asserted, on the same ground that supported the Stilwell warrant, and that “the plaintiff’s remedy, so far as taking the defendant into custody, was absolutely exhausted by the first proceeding.” The general rule, of course, is, that no one shall, for the same cause, be twice vexed. In People v. Tweed (63 N. Y. 202), the court of appeals said that when the action in which the first arrest was discontinued, and there was a second action and arrest for the same cause, it was always a question of fact, depending upon circumstances, whether the second action was vexatious. When such is the fact, the general rule is, that the defendant shall not be again arrested; otherwise he may be. The exemption is not a matter of legal right,- but is to be determined by the circumstances. In that case the circumstance that led to the discontinuance of the first action was the final decision of the court of appeals against the right to bring it in the name of the people of the State. In this case the warrant of arrest was vacated, by consent of parties, because bankruptcy proceedings having been begun since the warrant was executed, the latter would be set *399 aside on motion (Goodwin v. Sharkey, 5 Abb. N. S. 64). The assignment, which fulfills the object of the Stilwell act, would be void against the bankruptcy act. No-matter how well founded or regular was the warrant, the plaintiff could have no benefit from it, because of the voluntary act of the defendant in filing his petition in bankruptcy. This would show that the second proceeding was not vexatious, and also take the case out the reason of the general rule.
Townsend v. Nebenzahl (8 Abb. N. C. 427), is cited as authority to the contrary. The case there decided was the obtaining, after judgment, a warrant under theStilwell act, where an order of arrest had been obtained in the action and executed, and not vacated or the defendant in any way discharged therefrom. The court held that the remedies were not concurrent, and could not be used at the same time.
The order below should be reversed, with $10 costs,, and an order entered denying the motion made below,, with $10 costs.
Russell, J., concurred.