## THE CITIZENS' NATIONAL BANK OF HORNELLSVILLE, APPELLANT, *v.* ALBERT H. VORHIS, RESPONDENT.

*Order of arrest — when a third order will not be set aside as procured for the purpose of vexing and harassing the defendant.*

Appeal from an order vacating an order of arrest, issued in the last of three successive actions brought by the plaintiff against the defendant, for the same cause, in each of which the defendant had been arrested. The defendant was also arrested upon a criminal warrant, based upon a complaint made in behalf of the plaintiff, charging the defendant with the same fraudulent acts which were alleged as the cause of action in each of the civil suits. Owing to the failure of any one to appear on the part of the prosecution, the defendant and his bail were discharged. Upon the hearing of a motion to vacate the third order of arrest as vexatious, it was shown that the first action was discontinued upon the payment of a part of plaintiff's claim, and with the express understanding that "there should be no legal or moral obligation upon the bank not to arrest Vorhis again at any time;" and that both of the first two actions were discontinued upon the earnest solicitation of the defendant, and because of his promising to at once raise money to pay the plaintiff's claim, which agreement he failed to perform.

*Held,* that the court erred in vacating the order, as the facts failed to show that the successive arrests were resorted to for the purpose of vexing and harassing the defendant.

APPEAL from an order of a Monroe County Special Term, vacating an order of arrest.

*J. H. & C. W. Stevens,* for the appellant.

*Benton & Paine,* for the respondent.

SMITH, P. J.:

The order of arrest, vacated by the order appealed from, was issued in the last of three successive actions brought by the plaintiff against the defendant, for the same cause, and in each of which the defendant was arrested. In addition, the defendant was arrested upon a criminal warrant based upon a complaint made in behalf of the plaintiff charging the defendant with the same fraudulent acts which were alleged as the cause of action in each of the civil suits. The defendant gave bail for his appearance at the criminal court, and he having appeared accordingly, and there having been no appearance on the part of the prosecution, he and his bail were discharged. The first two civil suits were discontinued at the request of the defendant.

The defendant contends that a third arrest for the same cause is vexatious, and that whether intentionally vexatious or not, the law will not permit it. In general, there cannot be even a second arrest for the same cause, unless it is shown not to be vexatious. The question whether or not it is vexatious is to be determined by the circumstances of each case. There are many reported cases in which a second arrest has been held to be regular. Where A. having been arrested at the suit of B., gave him a draft for part of the demand and agreed to settle the remainder in a few days; after which, the draft being dishonored, B. sued out a new writ against A. and arrested him again on the same affidavit, this was held to be regular. (*Puckford* v. *Maxwell,* 6 T. R., 52; see, also, *Bates* v. *Barry,* 2 Wils., 381; *People* v. *Tweed,* 5 Hun, 382,-392; S. C., affd., 63 N. Y., 202; *Meucci Raudnitz,* 20 Hun, 343; *Ewart* v. *Schwartz,* 48 N. Y. Supr. Ct. R., 390.) In all these cases, the sole inquiry was whether the second arrest was vexatious, and if not, it was upheld. No reason occurs to us why even a third arrest should not be permitted, if it clearly appears not to be resorted to for the purpose of vexing the defendant.

In the present case, it appears that the first suit was discontinued at the earnest solicitation of the defendant, upon his paying $2,150 towards the plaintiff's claim and costs, and promising to pay the

rest, and, as the plaintiff's attorney testifies without contradiction, upon the express understanding that "there should be no legal or moral obligation upon the bank not to arrest Vorhis again at any time."

The affidavits on the part of the plaintiff also state, and in this respect they do not appear to be controverted, that the defendant not only made no further payment, but declared that he would not pay more than $2,000 for the notes (the balance due on them being over $9,000), and that declaration being regarded as evidence that he did not intend to pay, the second suit was commenced and defendant was again arrested. While in charge of the sheriff, he admitted that he had broken his promise, and urged that the action be discontinued and he released, saying that he had made arrangements with a relative in the west, from whom he could get the money to pay with, and that if the action was discontinued, he would at once proceed to raise the money and pay the claim. As the result of that promise and solicitation, the action was discontinued. The stipulation for discontinuance was dated the 19th of November, 1884. On the 10th of April, 1885, nothing more having been paid by the defendant, this action was commenced, and the defendant was again arrested.

The opposing affidavits also state that the failure to appear in the criminal case was owing to the fact that an arrangement made with the district attorney to notify the plaintiff's cashier when the case would be reached, was not carried out. And at the next session of the court the case was presented to the grand jury, and the defendant was indicted, and he gave bail.

It is apparent from these allegations, which, so far as we have discovered, are substantially uncontradicted, that the discontinuance of the first two actions, and the arrests therein obtained, were acts of lenity on the part of the plaintiff, granted at the solicitation of the defendant, and to our mind, the result of the evidence is, that the successive arrests, so far from being employed to vex and harass the defendant, were resorted to in good faith for the sole purpose of enforcing the plaintiff's claim.

Some of the moving affidavits aver that the payment of $2,150 was in full settlement of the plaintiff's claim. The statement is improbable, and the opposing affidavits show satisfactorily that it is not correct.

The point is made that the first suit was not discontinued when the second was commenced. It is true the formal order of discontinuance had not then been entered, but the papers justify the inference that the agreement to discontinue was in fact made, and the defendant was released from the arrest in the first action before the second was begun.

The respondent's counsel refers to the fact that on discontinuing the second suit, the plaintiff took from the defendant a release of all claims for damages by reason of the two arrests, and urges this as evidence that the motive of the plaintiff's officers in making the arrests was improper. Any inference of that nature seems to be effectually repelled by the statement in the affidavit of Mr. Orcutt, the plaintiff's attorney, that he took the release of his own motion, without the knowledge of the plaintiff or its officers.

Our conclusion is that the order appealed from should be reversed, and the motion to vacate the order of arrest denied, with ten dollars costs and disbursements.

All concur.

Order reversed and motion to vacate denied, with ten dollars costs and disbursements.