359 P.2d 9

**NATIONAL FINANCE COMPANY OF UTAH, Plaintiff and Respondent,**

v.

**Carlos J. VALDEZ, Defendant and Appellant.**

No. 9137.

Supreme Court of Utah.

Feb. 1, 1961.

Crockett, J., dissented.

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for appellant.

. B. R. Parkinson, Salt Lake City, for respondent.

CALLISTER, Justice.

Action upon a promissory note and chattel mortgage. The defendant appeals from an adverse judgment.

Plaintiff's complaint, in addition to the usual allegations concerning the execution of the note and defendant's default, alleged that the defendant, prior to obtaining the loan and as an inducement therefor, submitted a written financial statement to plaintiff which was false and fraudulent. Defendant filed an answer containing what is substantially a general denial and also, as an affirmative defense, alleged that he had been adjudicated a bankrupt and that plaintiff's claim had been scheduled in the bankruptcy proceedings.

At the pretrial conference the plaintiff was permitted to amend its complaint by adding to the prayer thereof that the court determine that the claim sued upon was not dischargeable in bankruptcy.

It appears from the pretrial order and stipulations of counsel that the sole issue presented to the court below was whether or not the claim of plaintiff was discharged in the bankruptcy proceedings, the defendant contending that it was and therefore plaintiff could not maintain this action on contract but would have to sue for damages in a tort action for fraud and deceit. This issue was argued and submitted to the lower court upon the hearing of defendant's motion to stay the proceedings. This motion, which was filed subsequent to the entering of the pretrial order, was based upon the ground that defendant had been adjudicated a bankrupt and plaintiff's claim had been discharged.

Thus, the primary question before this court is whether the trial judge erred in holding that the debt sued upon was not discharged in bankruptcy and awarding plaintiff a judgment upon the note and mortgage.

Section 17 of the Bankruptcy Act, Title 11, Bankruptcy, Section 35, U.S.C.A., provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *."

■ In considering the question before us, it must be remembered that a discharge in bankruptcy is neither a payment nor the extinguishment of debts. It is simply a bar to their enforcement by legal proceedings.[1] Thus, the note here sued upon was not extinguished by the bankruptcy, but is still in existence and its collection enforceable if excepted from a discharge under Section 17 of the Bankruptcy Act.

■ We believe that a loan, evidenced by a promissory note, which is obtained by fraud is excepted from a discharge in bankruptcy. This being so, the plaintiff here

[1] 1 Collier on Bankruptcy, 14th Ed., p. 1654; Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367.

could maintain its action on the note and was not confined to an action based upon fraud.[2] In Section 17 it is not provided that a cause of action for fraud is not discharged, but that no debt created by fraud shall be discharged.[3]

Where a creditor sues a bankrupt after discharge, the question whether the claim involved is within the operation of the discharge or within the exceptions of Section 17, must ordinarily be left to the court in which the action is brought.[4] The court below correctly held that the instant claim was not within the operation of the discharge.

Defendant next contends that there was not sufficient evidence before the trial court to prove all of the essential elements of fraud. Undoubtedly, the burden of proof is upon the creditor who claims that his duly scheduled debt is excepted from the operation of the discharge in bankruptcy because of a false representation or pretense[5] and all the essential elements of the fraud must be proved. However, in the instant case, because of the pretrial order, stipulations and admissions of counsel, the allegations of the complaint and the essential elements of fraud were admitted by the defendant. The existence or lack of all the fraud elements was not an issue before the court below, and was not raised until after the court's ruling.

The defendant's final contention is, that the plaintiff, by electing to rely upon the contract, had waived the issue of fraud. This contention, for the reasons heretofore set forth, is without merit.

Affirmed. Costs to plaintiff (respondent).

WADE, C. J., and HENRIOD and McDONOUGH, JJ., concur.

CROCKETT, Justice (dissenting).

In approaching the question whether a debt is discharged in bankruptcy the starting point is that prima facie all debts listed are discharged. The burden then shifts to the one claiming it was not discharged, to show that fact. Accordingly, in order to bring this claim within the exception provided for in Sec. 17(a) quoted in the main opinion, the burden was upon the plaintiff to show that the transaction out of which the debt arose was suffused with

2. Argall v. Jacobs, 87 N.Y. 110, 41 Am. Rep. 357; Personal Finance Corp. of Waterbury v. Robinson, Sup., 27 N.Y.S. 2d 6; Ohio Finance Co. v. Greathouse, Ohio App., 110 N.E.2d 805; Stewart v. Emerson, 1872, 52 N.H. 301.

3. Argall v. Jacobs; Personal Finance Corp. v. Robinson; Ohio Finance Co. v. Greathouse; supra, n. 2.

4. 7 Remington on Bankruptcy, 5th Ed., Sec. 3438; White v. Public Loan Corp., 8 Cir., 247 F.2d 601.

5. 1 Collier on Bankruptcy, 14th Ed., p. 1608.

false representations and fraud so that the gravamen of its cause of action against the defendant was on that basis.

The record in this case is not as clear as it should be. It must be conceded that in the somewhat rambling discussion between counsel and the court, defendant's counsel made some statements which seem to suggest that he took the position that the suit being upon a note, it was discharged, whether false representations in obtaining the loan were involved or not; and that in order to avoid the discharge in bankruptcy the suit would have to be a cause of action in tort based squarely and solely on fraud. If such were his position, it is my opinion the trial court's ruling would have been correct.

The fact that the obligation was evidenced by a promissory note does not preclude the possibility that it was an obligation induced by fraud. By the same token, I do not think that a creditor suing on an obligation can have it, ipso facto, excluded from the discharge in bankruptcy merely by setting up averments of fraud. Where the nature of the cause of action is in dispute between the parties, it is not what either one or the other claims, nor the title by which it may be called that gives the cause of action its character. That is to be determined by looking at its foundational ingredients. And unless the court can make a definite prior determination, in some instances, where the parties dispute each other as to the origin and nature of the obligation, the case may even have to be tried in order to determine whether the cause of action actually falls within the exception of Sec. 17(a) above referred to.

The important question to bear in mind here is whether the plaintiff discharged its burden of showing that its cause of action is one of the nature excepted by the statute. And in order to justify the summary judgment, that must appear without substantial dispute.

The complaint is upon a promissory note. The plaintiff appears to have anticipated the defense of discharge in bankruptcy and alleges that the defendant filed false statements in obtaining the loan. I do not think anyone will dispute that the complaint by itself does not set out a cause of action in fraud.[1]

The case was submitted to the court at pretrial upon the stipulation of counsel and I confess great difficulty in trying to determine from the record just what they stipulated to. It also seems to have given difficulty to the court and counsel. Counsel for the plaintiff appears to have been willing to rest upon the allegations of his complaint as is indicated by the following state-

1. See Pace v. Parrish, 122 Utah 141, 247 P.2d 273.

ment made in the discussion upon the motion for a new trial:

> "Now the record will show that and all of the allegations that are in my complaint were admitted, every one of them. *And I relied upon that position* * * * and the allegations that are in my complaint are the ones that are found in the findings of fact and nothing more." (Emphasis added.)

To this defendant replied:

> "Well, I don't think they were admitted. There is nothing in the complaint, Your Honor, that says we have the intent to deceive."

which latter statement defense counsel reiterated to the Court at least a half a dozen times. He also repeatedly said that what the defendant agreed to was that at the time he obtained the loan he failed to disclose other debts in the financial statement and that it was, therefore, inadequate and false. The only thing I have been able to find in the record that goes beyond the above concession is his statement, "I was stipulating that the financial statement was not complete and that the financial statemen as his client testified he relied upon in making the loan (sic) [which statement the writer admits is a bit obtuse as to meaning]. Now he comes now and puts into this finding that the reason why it

wasn't complete is because my man intended to deceive and that is not what I meant by my stipulation."

It is certainly true that plaintiff's counsel argued that the defendant's counsel had stipulated to the elements of fraud; and also that the trial court seems to have been under that impression. But neither the contentions of his opponent in urging his position below, nor assertions in his brief here; nor assumption on the part of the court below, nor of this court, can make it so. It must be found and demonstrated in the record. From my examination thereof, I have been unable to find any justification for the statement that "the essential elements of fraud were admitted by the defendant"; and likewise I have been unable to find any agreement on behalf of the defendant, either in general terms, or of specific facts, to all of the facts necessary to make a cause of action excepted from discharge by the statute.

Therefore I believe it was error for the trial court to rule summarily that the debt was one not discharged in bankruptcy. Because of the uncertainty which exists, I would remand the case for further proceedings to resolve the critical issue: whether the cause of action was in fact of the nature excepted from discharge in bankruptcy.