382 P.2d 405

NATIONAL FINANCE COMPANY OF
PROVO, Plaintiff and Respondent,

v.

Dallas E. DALEY and Flora Daley,
Defendants and Appellants.

No. 9618.

Supreme Court of Utah.

May 28, 1963.

William G. Fowler, Salt Lake City, for
appellants.

E. Morgan Wixom, Ogden, for respond-
ent.

McDONOUGH, Justice.

National Finance Company of Provo sued in this action on a prior judgment it had taken against the defendants in January, 1959, on a promissory note. In answer to plaintiff's complaint, defendants each pleaded discharge in bankruptcy in which the judgment had been regularly scheduled and proved. Plaintiff replied that in obtaining the loan for which the note was executed the defendants had committed fraud, and that the debt was thus not dischargeable in bankruptcy. It is admitted that no issue of fraud was raised, nor was any mention made of it in the case resulting in the judgment in question. From denial of their motion for judgment on the pleadings, defendants appeal.

The bankruptcy act[1] excepts from discharge debts of certain types. Among these are:

"* * * (2) * * * liabilities for obtaining money or property by false pretenses or * * * upon a materially false statement in writing respecting his financial condition * * * with intent to deceive, or for willful and malicious injuries * * * or for alimony * * * or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; * * *."

The question of critical importance here is whether, in determining dischargeability of a judgment, the Court should look only to the judgment and the record of the case upon which it is based, or may go back of the judgment and examine issues not raised in that proceeding. There is a division among the authorities on this problem. The view is sometimes expressed that once the claim is reduced to judgment, the obligation is fused into the judgment, which is a shield beyond which no search may be made.[2] On the other view, that the Court may look behind the judgment, there is further division as to whether the inquiry must be confined to the record of the proceeding which produced the judgment or may go beyond that record and examine into matters not litigated in that action.

The case of Lyon v. Lyon[3] from this Court is cited and relied on, not without some justification, for the latter view. Concerning that case we desire to make some observations. As to its actual holding: the record plainly showed that the judgment in question arose out of the obligation to family for alimony and support money and was thus of the character of debts expressly excepted from discharge in bankruptcy. The opinion appears to be grounded upon

1. 11 U.S.C. § 35 (Supp.1961).
2. See: 170 A.L.R. p. 371.
3. 115 Utah 466, 206 P.2d 148.

the reasoning that such family obligations should not be extinguished merely because of the terminology used and on this basis the Court reached the correct conclusion.

It is to be conceded that certain dicta in the case indicate the propriety of looking behind the judgment, and five cases are cited for that general proposition. But no detailed analysis of the cases was made. In doing so, it will be seen that in three of the five cases cited, Bever v. Swecker,[4] Green v. Beaumont[5] and Smith v. Smith,[6] the search as to the nature of the obligation was only to the record; and in the other two cases, In re Williams,[7] and Taylor v. Buser,[8] the judgments in question were taken on already existing judgments, and that search was only to the records of the proceedings resulting in the first judgment.

■ Thus with respect to the Lyon case, it can be concluded that it is not inconsistent with the view that while the Court can look behind the judgment, the quest should be limited to the proceedings in which the judgment is taken; or at most, to the record of the proceedings in which the original judgment was taken. However, even if the Lyon case be interpreted to go beyond the idea just stated, we never-

theless think that the majority and better-considered view is that the search behind the judgment should be restricted to the record of the proceedings in which it was taken.[9]

In adopting this view we are not unaware that there are some difficulties to be encountered in not allowing inquiry beyond the case record; nor that there are cases which hold that in the instance of promissory notes, particularly where it is alleged that there was fraud, which was not discovered until after the judgment was taken, the case should be allowed to be relitigated.[10] On the contrary, it is to be observed that the plaintiff had at its disposal the means of investigating and discovering the fraud, if it existed, and that it had full opportunity to allege and prove it in the original action.

■ Under the minority rule, advocated by the plaintiff, with respect to nearly all of the claims which are exempted from discharge, there could be proceedings leading to a trial and judgment, then if bankruptcy intervened, a new action could be brought arising out of the same claim, raising new issues and compelling a relitigation of the same controversy. The generally recognized rule of procedure is that where the

4. 138 Iowa 721, 116 N.W. 704.
5. 179 Ga. 804, 177 S.E. 572.
6. 7 F.Supp. 490 (W.D.N.Y.)
7. 208 N.Y. 32, 101 N.E. 853, 46 L.R.A., N.S., 719.
8. Sup., 167 N.Y.S. 887.

9. For cases following this view see: 170 A.L.R. p. 374.
10. See: Fidelity & Cas. Co. of N. Y. v. Golombosky, 133 Conn. 317, 50 A.2d 817, 170 A.L.R. 361.

parties have had an opportunity to present their case and judgment is rendered it becomes binding upon them, both as to the issues that were tried and those that were triable in that proceeding, and that they are precluded from further litigating the matter.[11]

 In our judgment it better comports with the orderly processes of justice to require the plaintiff to bear the responsibility of pleading, proving and claiming the full benefit of whatever character of cause of action he possesses in the original action and of being bound thereby, than to allow another trial upon the same cause of action raising issues which could have been dealt with in the original action. This rule also serves the purposes of the bankruptcy act and at the same time leaves the way open to guard against the discharge of debts of the character excepted from discharge if the facts so justify.

 Inasmuch as it is undisputed that the judgment in the prior action, upon which the present action is based, is but a judgment upon a promissory note with no allegations of fraud, which judgment had been duly scheduled in bankruptcy proceedings in which the defendants received their discharge, the motion for judgment on the pleadings should have been granted. Such is the order. Costs to appellants.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

---

11. Wheadon v. Pearson, 14 Utah 2d 45, 376 P.2d 946; see our recently decided case of National Fin. Co. of Utah v. Valdez, 11 Utah 2d 339, 359 P.2d 9, in which the question of fraud was in issue at the trial.