391 P.2d 429

Richard JENSEN and Don Christensen, d/b/a Bernina Sewing Machine Company, Plaintiffs and Appellants,

v.

Harold L. BARRICK and Fred M. Poulson (Paulson) d/b/a Modern Sewing Machine Company, Defendants and Respondents.

No. 10027.

Supreme Court of Utah.

April 28, 1964.

Ronald C. Barker, Salt Lake City, for appellants.

Ballif & Ballif, Provo, Allen M. Swan and Wayne C. Durham, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Appeal from a permanent order enjoining execution against bankrupt Poulson's property. Affirmed. No costs awarded.

Defendants were distributors of plaintiffs' sewing machines under a consignment agreement. Matters went badly under the venture, and to secure an existing indebtedness plaintiffs and defendants executed two agreements continuing the consignment ar-

rangement. The contracts were designed to secure plaintiffs not only against the subsisting indebtedness, but future sales operations. Some accounts receivable were assigned and a second mortgage given by defendants who had some kind of undisclosed interest in cars upon which finance people asserted a first mortgage. Things kept going badly. On January 10, 1961, plaintiffs filed a complaint based on breach of the contracts, setting them out in the complaint. Though the action obviously was one ex contractu, there were general allegations to the effect that defendants wrongfully converted moneys and property allegedly held in trust for the plaintiffs, but the facts alleged lacked any specificity as to justify any conclusion other than that the action was one based on contract. The prayer, in substance and effect, asked for an attachment, foreclosure, an accounting and for attorney's fees. All were adjuncts of and claimable under the terms of the contract, not by reason of deceit,—for the breach of which plaintiffs asked a sum certain.

On February 9, 1961, plaintiffs filed an affidavit for attachment. On March 18, 1961, summons was served on Poulson. On April 17, 1961, a default certificate was filed with the clerk of the court. On February 8, 1962, Poulson filed his petition in the federal court and was adjudicated a bankrupt. In his schedules he listed plaintiffs' claim. On July 31, 1962, plaintiffs took a default judgment for amounts claimed to be due under the contracts, including $820 attorney's fees. No findings or conclusions were made or entered. The judgment in no way reflected an action based on deceit, but only for a claim based on the complaint which reflected only a claim arising ex contractu. On November 20, 1962, Poulson was discharged of the obligations he scheduled, including that asserted by plaintiffs.

 Under Sec. 17 of the Bankruptcy Act[1] debts are not dischargeable if they are "liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another." Plaintiffs claim that the default judgment admits the allegations of the complaint, with which contention we agree,[2] and that the allegations in the complaint were such as to prevent discharge of the claim under Sec. 17 of the Bankruptcy Act, with which contention we disagree.[3]

This case is not akin to Lyon v. Lyon,[4] cited by plaintiffs. It is more nearly akin

1. 11 U.S.C.A. § 35.
2. Utah Assn. of Credit Men v. Bowman, 38 Utah 326, 113 P. 63 (1911).
3. See Personal Indus. Loan Corp. v. Forgay, 10 Cir., 240 F.2d 18 (1957) in which Judge Huxman expressed views in a similar case which we adhere to and to which reference hereby is made.
4. 115 Utah 466, 206 P.2d 148 (1949).

to National Finance v. Daley,[5] and it does not meet the requirements of Nat. Finance Co. of Utah v. Valdez.[6]

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

---

5. 14 Utah 2d 263, 382 P.2d 405 (1963); see Collier, Bankruptcy, 14th ed., Vol. 1, pp. 1571 et seq.

6. 11 Utah 2d 339, 359 P.2d 9 (1961).