411 P.2d 967

**BEEHIVE STATE BANK, a Utah corporation, Plaintiff and Appellant,**

v.

**Hugh A. BUNTINE, Defendant and Respondent.**

No. 10436.

Supreme Court of Utah.

March 11, 1966.

Van Cott, Bagley, Cornwall & McCarthy, Robert M. Anderson, Salt Lake City, for appellant.

Dansie, Ellett & Hammill, Walter R. Ellett, Murray, for respondent.

WADE, Justice.

Beehive State Bank, appellant herein, commenced an action to recover an amount due on a deficiency judgment obtained in a prior foreclosure proceeding of a chattel mortgage on an aircraft, as well as on a judgment on a promissory note reduced to judgment.

In the instant action appellant alleged that the debt evidenced by a promissory note and secured by the chattel mortgage as well as the other debt on a second cause of action on a promissory note were procured through the fraud of Hugh A. Buntine in furnishing false financial data in his application for the loans. Buntine's defense to this suit was that he had been adjudicated a bankrupt under the Federal Bankruptcy Act and that the claims of the Beehive State Bank had been listed in his bankruptcy schedules and were dischargeable in those proceedings. The original action on these debts was based on contract and fraud was no issue in that case. Buntine moved for a summary judgment on the pleadings, whereupon the Beehive State Bank asked leave to amend its complaint so that it could plead that it had no knowledge of the fraud until it was revealed to it in the information contained in the schedules filed by Buntine in his bankruptcy proceedings and that its failure to discover the fraud prior to the commencement of its original action was reasonable. The court refused to grant leave to amend and granted the summary judgment. This appeal is from that judgment.

Appellant contends that the court acted arbitrarily in denying it permission to amend its complaint to show the reasonableness of its failure to discover respondent's fraud until after respondent filed his schedules in bankruptcy in the Federal Court and thus be given the opportunity to prove that its cause of action for relief from this fraud did not accrue until after it had obtained its judgment since, under our statute of limitations, a cause of action for fraud accrues at the time of its discovery.[1]

There is no merit to this contention. The question in this case is not whether for the purpose of the running of a statute of limitation a cause of action for fraud does not

1. § 78–12–26, U.C.A. 1953.

accrue until it is discovered. The question is whether because of the fact that respondent had filed a prior action in which no issue of fraud was presented and obtained a judgment on a contractual obligation, it is now precluded from going behind this judgment in another action based on the same debts and prove that these debts were actually not dischargeable in bankruptcy under one of the exceptions of Title 11, U.S.C., Sec. 35, because the debts were obtained upon materially false statements in writing by respondent about his financial condition with intent to deceive appellant.

 While there are cases which hold that where the fraud has not been discovered until after the judgment has been procured, inquiry should be allowed as to the true character of the claim to determine whether it is dischargeable in bankruptcy, this court is committed to the majority view that the record of the claim upon which a judgment is based is conclusive upon the character of the claim as to whether it is dischargeable in bankruptcy.[2] It is therefore immaterial that respondent failed to discover the falsity of the written financial statement furnished it by respondent before it obtained its original judgment. The opportunity to investigate and discover the fraud existed at the time it brought its orig-

inal action. The court therefore did not err in granting the summary judgment.

Affirmed. Costs to respondent.

McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

HENRIOD, C. J., concurs in the result.

---

2. National Finance Co. of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405, and cases cited therein.