443 P.2d 389

**PIONEER FINANCE AND THRIFT COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Dahl Ray POWELL and Bonnie Rae Powell, Defendants and Appellants.**

No. 11133.

Supreme Court of Utah.

July 5, 1968.

Justin C. Stewart, of Stewart, Topham & Harding, Salt Lake City, for appellants.

Allen M. Swan, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a summary judgment for an unpaid balance due on a note and mortgage incident to a furniture purchase contract between defendants, buyers, and Stanley, seller. Affirmed with costs to plaintiff.

To the complaint, defendants answered, saying Pioneer was particeps in a fraudulent scheme of Stanley, wherein the latter induced defendants to endorse to him the check issued to defendants and Stanley, representing the loan amount, without delivery of the furniture, while offering a variety of excuses for not delivering the same. Stanley took out bankruptcy shortly thereafter, listing defendants, along with about 500 others whom likewise he had duped in a sort of contract kiting operation.

Sole question is whether Pioneer participated in such fraudulent machination or reasonably should have been aware of it.

Under the discovery process, and on motion for summary judgment, the only evidence adduced was by affidavit of Pioneer's manager and the depositions of the defendants, which substantially was as follows, and none of which was refuted by counter-affidavit or any other responsive pleading:[1]

The affidavit asserted that defendants came to Pioneer seeking a loan to buy furniture from Stanley. They brought a financial statement. The loan was to be secured by the furniture. After examining the financial statement, the affiant manager independently ran a credit rating on defendants and concluded they were good risks up to $1750. Defendants signed a note and mortgage for $1300 and a check was delivered to them in that amount made payable to them and Stanley, the furniture dealer, which check cleared the bank with

[1]. See Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624 (1960).

defendants' and Stanley's endorsements thereon; that plaintiff relied on defendants' representation that they had the furniture at their residence; that defendants personally would make the monthly payments, and that plaintiff would not have made the loan had it been aware that it was the understanding between the defendants and Stanley that the latter would make the payments, or that the defendants did not already have the furniture in their possession; that plaintiff was not put on notice by anyone that this was other than a conventional loan, or that Stanley was perpetrating frauds in the sale of his furniture.

The depositions of defendants were to the effect that they had never met Stanley, but were told by a friend that they could get furniture from Stanley without paying for it, because Stanley would make the payments; that with such advice, defendants went to Stanley and selected certain items of furniture; that Stanley advised them they would have to go to any one of a list of loan companies which he displayed; that defendants expressed no choice, so Stanley suggested Pioneer, to whom they voluntarily went, without having had any prior dealings with this company; that when the first payment came due, defendants went to Stanley, who gave them $73 cash, which defendants personally paid to Pioneer, Stanley cautioning them not to tell Pioneer of this strange arrangement; that Stanley also had told defendants to pick up the payments each month. Not having received the furniture, defendants were concerned, and while riding around one day went to Stanley's store and found a notice on the door announcing the bankruptcy. The defendants made no further payments on the note. Defendants had gone along with the deception of Stanley, largely on the strength of what their friend had told them, and at no time told Pioneer about their arrangement with Stanley, who had told them not to do so. They conceded that they did not know whether or not Pioneer was involved with Stanley's modus operandi.

The pleading and proof reflected only the facts related above. Nothing was developed that reflected any fraud, particeps in fraud, or that Pioneer had any occasion to believe there was any fraud in the transaction. We believe that, under the developed facts related above, without any contradiction by way of counter-affidavit or other responsive pleading, the trial court had little to do but grant the motion for summary judgment under the rules, there being no genuine issue of fact to present to a jury.

Having affirmed the trial court, which in substance and effect concluded that the facts exonerated plaintiff from any action which would subject it to any equitable defenses to its loan to defendants, it would seem that all of the defendants' points urged on appeal must fail. These points were that plaintiff was not a holder in due

course and therefore was vulnerable to any one of the equitable defenses in fraud in the inducement, failure of a condition precedent and failure of consideration.

Plaintiff asserts in its answer and counterclaim that defendants were estopped from setting up the defenses mentioned. This is moot under the decision of this case.

■ Plaintiff says that the actions of the defendants were fraudulent and that we should adjudge that they cannot discharge the judgment should they take bankruptcy. We do not deem it appropriate to anticipate what defendants might or might not do in the future, and do not decide this point, particularly since it has nothing to do with the subject of the instant action.

■ Finally, plaintiff wants us to assess attorney's fees for this appeal under the provisions of the note and mortgage. This court does not receive evidence, and this phase of plaintiff's contention will have to be determined elsewhere.

Counsel for defendant filed a lengthy memorandum of the law incident to the motion for summary judgment, setting out the history of Stanley's operations and authorities pertinent to his liability to the defendants which latter observations are not pertinent to the plaintiff here. The memorandum was simply a brief having no probative weight in this case, so that no purpose would be served to canvass its contents.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice: (concurring in the result).

I concur in the result. However, I wish to point out that the cross-appeal involves the refusal of the trial court to grant a motion for summary judgment declaring that the defendants were guilty of obtaining the money in question by false pretenses. Whether all of the elements involved in false pretenses were established by the record before the trial judge was a matter for his consideration. Apparently he did not feel that they were so established. This matter was not finally determined, and so the cross-appellants have no appeal as a matter of right as a result of the judge's refusal to grant their summary judgment.

We allowed an intermediate appeal from a refusal to grant a summary judgment in the case of Foster v. Steed, 19 Utah 2d 435, 432 P.2d 60 (1967); and in Christensen v. Farmers Ins. Exchange, 21 Utah 2d 194, 443 P.2d 385 (1968), we held that it was not improper to require a contrary ruling to be entered by the trial court on an appeal from a summary judgment which terminated a case. However, we have not as yet said that a party can appeal as a matter of right from the *denial* of his motion for a summary judgment.

For the reasons given above, I concur in the holding of the main opinion.

However, I do not agree that the question of whether or not the money was obtained by false pretenses "has nothing to do with the subject of the instant action."

Section 17a(2) of the Federal Bankruptcy Act provides in substance that a discharge in bankruptcy shall release a bankrupt from his debts except such as are liabilities for obtaining money or property by false pretenses. While neither defendant has as yet filed a petition in bankruptcy, it is wise for a creditor to have the trial court make a finding of false pretenses in a proper case. The reason for this is that in case of bankruptcy the creditor cannot show false pretenses when discharge is claimed except by the judgment rendered or by the record upon which the judgment is based. See annotation in 170 A.L.R. at p. 374. See also National Finance Company of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405 (1963), where at page 266 of the Utah Reports, 382 P.2d at page 407, it is said:

> In our judgment it better comports with the orderly processes of justice to require the plaintiff to bear the responsibility of pleading, proving and claiming the full benefit of whatever character of cause of action he possesses in the original action and of being bound thereby, than to allow another trial upon the same cause of action raising issues which could have been dealt with in the original action. This rule also serves the purposes of the bankruptcy act and at the same time leaves

the way open to guard against the discharge of debts of the character excepted from discharge if the facts so justify.

I presume the lower court will at trial make a determination of the question of false pretenses, and if either party cares to appeal from that final determination, he or it may do so.