## STEPHENS v. DOXEY.

No. 3951. Decided August 9, 1923. Rehearing Denied September 27, 1923. (218 Pac. 965.)

1. ALTERATION OF INSTRUMENTS—DEFENSE THAT NAME OF PERSON OTHER THAN INTENDED PAYEE WAS INSERTED IN NOTE WITHOUT KNOWLEDGE OF MAKER HELD NOT AVAILABLE SIX YEARS AFTER EXECUTION. Defense that E's name instead of plaintiff's was inserted in defendant's note as payee, without defendant's knowledge, *held* not available, where it was invoked over six years after execution of the notes, and defendant received rents and profits from buildings for which the notes were executed, and the whole tenor of defendant's answer was a waiver of the alleged wrong.

2. MORTGAGES—IN FORECLOSURE, PROOF OF MORTGAGES, NOTES, ASSIGNMENT THEREOF, AND NONPAYMENT HELD TO MAKE PRIMA FACIE CASE, THROWING BURDEN OF DEFENSE ON MAKER. In a suit on notes and to foreclose mortgages, *held* that proof of the execution of such instruments and assignment thereof to plaintiff, together with proof of defendant's failure to pay, constituted prima facie case, throwing the burden 'on defendant to allege and prove her defenses against the notes.

3. JUDGMENT—FORMER JUDGMENT HELD NOT RES JUDICATA WHERE IT WAS NOT BASED ON MERITS. Exclusion of original judgment, notice of appeal, and decision of Supreme Court affirming judgment, offered to show case was res judicata *held* proper, where the former judgment was not upon the merits.[1]

---

[1] *Stephens* v. *Doxey*, 58 Utah, 196, 198 Pac. 261.

[2] *Westminster Inv. Co.* v. *McCurtain*, 39 Utah, 544, 118 Pac. 564; *Munsee* v. *McKellar*, 39 Utah, 282, 116 Pac. 1024.

4. TRIAL—FINDINGS ASCERTAINING ULTIMATE FACTS UPON WHICH. JUDGMENT RESTED HELD SUFFICIENT. Findings ascertaining the ultimate facts upon which the judgment rests *held* sufficient, though not attempting to follow the language of the pleadings.

5. APPEAL AND ERROR—FINDINGS LACKING CHARACTERISTICS OF APPROVED MODEL HELD NOT FATALLY DEFECTIVE. A finding, though inartistic and partaking of the nature of a conclusion rather than of the finding of a fact, *held* not fatally defective.[2]

6. TRIAL—OBJECTION TO FINDING ON GROUND IT WAS BASED ON MATTER NOT PLEADED HELD WITHOUT MERIT. An objection to a finding on the ground it was based on matter not pleaded and hence not made an issue, *held* without merit, where it was not asserted the finding was without evidence to support it, or that such evidence was objected to.

7. APPEAL AND ERROR—FINDINGS THOUGH TOO GENERAL HELD NOT PREJUDICIALLY ERRONEOUS. Findings though too general *held* not prejudicially erroneous where they did not relate to material matters not otherwise passed on.

8. TRIAL—TRIAL COURT HELD NOT REQUIRED TO MAKE SPECIFIC FINDING AS TO POINT COVERED BY "LAW OF CASE." Where the appellate court on a former appeal held that the first judgment was not res judicata, that ruling became the law of the case, and hence it was not necessary for the trial court to make a specific finding with reference to that question.

Appeal from District Court, Second District, Weber County; *Geo. S. Barker,* Judge.

Suit by Solomon C. Stephens, Jr., against Luella Doxey. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Halverson & Pratt,* of Ogden, for appellant.

*E. T. Hulaniski,* of Ogden, for respondent.

THURMAN, J.

This is an action to foreclose two mortgages on certain real estate in Ogden, Utah. The first mortgage was executed by

defendant November 4, 1914, to secure a promissory note of the same date for the sum of $8,000, payable on or before 10 years from date, with interest at 8 per cent. per annum, payable quarterly. It is also provided in the note that not less than $60 per month shall be paid on the principal, in addition to the interest, until the note is fully paid. Four quarterly payments of $160 each are indorsed on the note, the first on February 4, 1915, and the last on November 4th of the same year. The second mortgage was executed by defendant on the same date as the first and on the same property to secure the payment of a promissory note for $5,000, payable at the same time, and at the same rate of interest as provided in the first note, payable quarterly. Four quarterly payments of $100 each are indorsed on this note purporting to have been made at the same time as the payment on the first note above referred to. Both mortgages provide for the payment of insurance and taxes by the mortgagor and reasonable attorney fees in case of foreclosure. It is also provided in said mortgages that in case of defaults in the payment of interest or principal for a period of 60 days, the holder of the notes may declare the same due and payable, and proceed to foreclose the mortgages.

It is alleged in the complaint that defendant did not adequately insure the buildings on the land, and that plaintiff was therefore compelled to insure the same at a cost of $253; that defendant did not pay the taxes on the property for 1915 and 1916, amounting to $263.05, and that plaintiff, in order to protect his lien on the property, was compelled to pay the same. The notes and mortgages purport to be made to Effie M. Campbell, as payee and mortgagee thereof, and it is alleged in the complaint that on June 30, 1915, she assigned the notes and mortgages to the plaintiff who is now the owner and holder thereof. Finally, it is alleged that because of the failure of defendant to perform her covenants, as defined in the notes and mortgages, plaintiff elected to declare that the whole of said indebtedness is now due and owing to the plaintiff. The complaint was filed January 27, 1920.

Defendant answering the complaint denies every allegation thereof except as expressly admitted. It is then alleged in substance, as an affirmative defense that the notes and mortgages in question were executed by defendant in pursuance of an agreement between her and W. J. Stephens, wherein said Stephens agreed to erect an apartment house on certain city lots in Ogden City, Utah, the consideration of which was $13,000, evidenced by the notes, and mortgages in suit. The agreement referred to is annexed to the answer as an exhibit. It is then alleged that the said W. J. Stephens prepared the notes and mortgages for execution by the defendant, but, as defendant's eyesight at the time was affected, she requested Stephens to read the same to her; that he read the name of W. J. Stephens as payee in the notes and as mortgagee in the mortgage. Defendant alleges on information and belief that when Stephens read the notes and mortgages to her the name of the payee and mortgagee was in blank, and that the name of Effie M. Campbell was afterwards inserted by said Stephens without defendant's knowledge or consent. It is further alleged that the said Effie M. Campbell is the daughter of said W. J. Stephens, and had full knowledge of the consideration for said notes and mortgages, and had no interest therein, but took the same as trustee for her father, W. J. Stephens. It is further alleged by defendant that the agreement between her and W. J. Stephens provides that no part of the interest or principal of said notes "is to be paid until 90 days after the completion of said building, and that the said building has never been completed, and is now in an incomplete state, and the work done thereon was of defective workmanship, and the material thereof of an inferior quality." Defendant then proceeds to enumerate divers defects in the work of construction and deviations from the contract, both as to the work and the material used in construction.

It is unnecessary, in this connection, to enumerate in consecutive detail the various defects in construction, alleged in defendant's answer, and other matters of which she complains. Such as may be necessary to a determination of the questions involved will be referred to later on. Defendant

alleges her damages to be the sum of $13,000, and that plaintiff, at the time of taking said notes and mortgages, had knowledge of the purposes for which they had been executed and that the building had not been completed. It is also alleged that they were taken by plaintiff without consideration.

The trial court found for the plaintiff, awarding defendant an offset by way of damages in the sum of $960. Defendant's motion for a new trial was denied. She appeals to this court for a reversal of the judgment. This is the third time this case has been before the court. In the first case the trial court dismissed plaintiff's action on the grounds that nothing was due, evidently conceiving that the action was prematurely brought. On appeal to this court the appeal was dismissed, and the judgment affirmed. In the second action the trial court treated the former judgment as res adjudicata, and again found for defendant, and entered judgment accordingly. Plaintiff appealed, and this court held that the former judgment was not upon merits and therefore not res adjudicata. It also held that plaintiff's demurrer to defendant's answer, on the grounds of uncertainty as to defects and damages, should have been sustained, and that the court erred in overruling it. The judgment was reversed, and the cause remanded for a new trial, with leave to defendant to amend her answer in the particulars above referred to. *Stephens* v. *Doxey*, 58 Utah, 196, 198 Pac. 261. Defendant filed her amended answer, and the case was again tried in the district court, resulting in a judgment for plaintiff, with offset for defendant, as hereinbefore stated.

Defendant appeals from the judgment and assigns numerous alleged errors as grounds for reversal. The first proposition argued by defendant is the overruling of the motion for a nonsuit. It is contended by defendant that the plaintiff's evidence showed that the name of Effie M. Campbell was inserted in the notes and mortgages as payee and mortgagee without the knowledge or consent of defendant, and that therefore the instruments were null and void. Defendant's answer in the instant case was filed December, 1921,

substantially six years after she entered into the occupation of the building and commenced to receive the rents and profits therefrom. The same defense was made in the first and second trials of the case, and in both cases the court found that fact against the defendant.

Even if the evidence in the last trial was defective in not showing that the name of Effie M. Campbell was inserted with the knowledge and consent of defendant, the court is of opinion that this defense at this stage of the case is contrary to equity and good conscience, and should not be permitted to prevail. Besides this, the defendant in her answer alleges that Effie M. Campbell took the notes and mortgages as trustee for her father, W. J. Stephens, and with full knowledge of the fact that the consideration of the notes was the construction of the building according to the contract, and that the building was not completed. The whole tenor of defendant's answer in that regard is a waiver of the alleged wrong now complained of. The most that defendant can justly claim, in view of her answer and conduct in the premises, is to insist that plaintiff was not an innocent purchaser of the notes and mortgages. This she has contended at every stage of the case, and the court has sustained her contention by giving consideration to such defenses as she had against W. J. Stephens, with whom she contracted to erect the building.

It is also contended, as grounds for nonsuit, that the agreement between defendant and W. J. Stephens provided that neither payments of interest or principal upon the notes were to commence until 90 days after the completion of the building, and that it does not appear from the evidence introduced by plaintiff that the building has been completed.

In answer to this contention it is sufficient to say the suit was brought to recover judgment on the notes and to foreclose the mortgages. Proof of these and the assignment thereof to plaintiff, together with proof of defendant's failure to pay, constituted a prima facie case. The burden was on defendant to allege and prove her defenses against the notes. This is too elementary to justify extended notice.

In the course of the trial defendant offered in evidence the original judgment, notice of appeal, and decision of this court affirming the judgment. The offer was denied. This ruling is assigned as error.

In *Stephens* v. *Doxey,* supra, this court passed upon this identical question adversely to apellant's present contention. The sixth paragraph of the syllabus reads:

"A judgment dismissing plaintiff's suit for foreclosure of certain mortgages on the ground it had been prematurely brought, the court making no finding as to the amount due on the mortgages and notes secured thereby, not being on the merits, is not res judicata at common law or under the statutes. Comp. Laws 1917, § 6859."

The sufficiency of many of the findings is challenged by appellant on the ground that they are not sufficiently specific in view of the issues presented by the answer. The answer was exceedingly elaborate in stating the alleged defects in construction and inferiority of the material used. The findings do not attempt to follow the language of the pleadings. They do, however, as far as necessary, find the ultimate facts upon which the judgment rests. It is not contended that the evidence is insufficient to support the findings.

Defendant's abstract of the evidence, after stating with considerable detail the substance of the testimony of one witness for the plaintiff and one for the defendant, relating to the alleged defects in the building, closes with the following paragraph, which we quote at length:

"Other witnesses on behalf of the plaintiff were called and sworn on rebuttal, whose testimony tended to show that said W. J. Stephens substantially completed said building in accordance with said specifications (there being no foundation or other plan except upper floor plans and front elevation) of the building contract in question, except only in the particulars found by the court, and that as the result of the default of the said W. J. Stephens the defendant was damaged in an amount not exceeding that allowed by the court in its decision and judgment; that said building was completed on or about December 15, 1915, since which time no further work thereon had been done by the said W. J. Stephens, although on or about May 26, 1919, he offered to complete and remedy the defects in said building, if any, which offer the defendant declined to permit him to perform."

After finding in favor of plaintiff for the principal of the notes and interest thereon from March 6, 1916, and certain insurance and taxes paid by plaintiff, with interest thereon, together with an allowance for attorneys' fees for foreclosing the mortgages, the court then proceeds to find numerous items of damages sustained by defendant because of certain defects in the construction of the building and material used therein. These are stated with reasonable clearness and particularity. There are six different items allowed aggregating the sum of $960.

Counsel for appellant complain of finding No. 7, which reads as follows:

"That the foundation of said building was constructed in a workmanlike manner, and properly laid to support the superstructiure to be erected thereon of sufficient size and underpinning, and that the interior foundation adequately supported the superstructure so that the same could not and did not sink or settle by reason thereof, and that the interior walls and the plaster thereof did not on that account become broken and cracked and unsafe, unsightly or unsecure, or the doors or door frames misshapen, and that said building is substantially what was contracted for, and not in shape that it could not be repaired except by tearing down the same or the whole of said building or reconstructing the same."

It is conceded that the finding is inartistic, and partakes in some respects more of the nature of a conclusion than of a finding of fact. This defect is largely due to an attempt to follow too closely the language of the pleading. While the finding is lacking in many of the characteristics of an approved model, the court is of opinion that it is not fatally defective, even when considered in the light of the following cases cited by appellant. *Westminster Inv. Co.* v. *McCurtain*, 39 Utah, 544, 118 Pac. 564; *Munsee* v. *McKellar*, 39 Utah, 282, 116 Pac. 1024. Without reviewing these cases at length, upon a casual examination it will be noted that they are clearly distinguishable from the case at bar.

Appellant also complains that finding No. 8 finds that the rear porch was constructed one foot narrower than was specified in the contract, but that such change was made by

mutual agreement of the parties. This is assigned as
error on the ground that the change was not pleaded,        6
and therefore not made an issue. It is not claimed
the finding is without evidence to support it, or that such
evidence was objected to by defendant. The assignment is
without merit.

Appellant also assigns as error failure of the court to
make specific findings as to the manner of laying the roof
of the building and as to defects in the heating plant, alleged
in the answer. This objection is answered by reference to
finding No. 10, in which the court finds after the same man- .
ner as in finding No. 7, already considered. In finding No.
13 the court finds specifically concerning defects in the
heating plant, and allows defendant damages in the sum of
$125.

Findings Nos. 17, 18, and 19 are objected to because they
simply state that all the allegations contained in paragraphs
21, 22, and 23 of the answer are untrue, and paragraph 20 is
likewise objected to because it merely states that all the
material allegations of the complaint not specifically found
and passed upon are true, and all the allegations of the
answer not specifically found and passed upon are untrue.

These findings are vulnerable to the objections made, and
if they related to material matters not otherwise passed upon,
the omission to more specifically find would be prejudicial.
It is therefore necessary to briefly refer to the matters to
which these findings relate. Finding No. 17 relates to
paragraph 21 of the answer, which in substance al-        7
leges that W. J. Stephens caused the name of Effie M.
Campbell to be placed as payee in said notes and as mort-
gagee in said mortgages after their execution by defendant,
without her knowledge or consent, for the purpose of enabling
him to refuse to complete said building, and to cheat and
defraud the defendant. In view of our conclusion respecting
this feature of the case, as hereinbefore expressed, the error,
if any, in finding No. 17 is nonprejudicial.

Finding No. 18 relates to paragraph 22 of the answer,
which alleges in substance that the payments under the
contract were not to commence until 90 days after the build-

ing was completed, and that plaintiff had no right to accelerate or attempt to accelerate the terms of said notes and mortgages, and that no payments are due thereon. In paragraph 2 of the findings the court specifically finds that the building was completed substantially in accordance with the contract and accepted by defendant December 5, 1915, that the notes began to draw interest as against defendant March 6, 1916, which was full 90 days after the completion of the building. These findings effectually answer defendant's objection to finding No. 18.

Finding No. 19 refers to matters contained in paragraph 23 of the answer. This paragraph in substance pleads the former judgment of the district court of Weber county, and the appeal therefrom to this court where the judgment was affirmed. We have already shown that this court on the former appeal held that the first judgment was not res adjudicata. That being the "law of the case," it was not necessary for the court to make a specific finding.

This disposes of all the questions presented for determination on this appeal. It cannot be said in this case that defendant has not had her day in court. Her case in every form presented during the last six years has been defended by able counsel who have not hesitated to urge every possible defense in her behalf. Some of the defenses are not such as strongly appeal to the equity side of the court. While it must be conceded that the building contractor, W. J. Stephens, was himself derelict in many respects pertaining to the performance of the contract, yet it appears from the record that he offered to complete the building in conformity to defendant's desires, but she stubbornly refused to permit his workmen to do the work. As stated by this court in *Stephens* v. *Doxey,* supra, at page 210 of 58 Utah, at page 266 of 198 Pac. of the report:

"But, be that as it may, since the former suit, the evidence shows, we think quite conclusively, that defendant has not only refused to permit the building to be completed, and the defects pointed out by her to the contractor remedied, but has also refused to pay and discharge the liabilities incurred by her under the terms and conditions of the notes and mortgages. Moreover, un-

der the facts and circumstances disclosed by this record, she has made no claim whatever, at any time, for credit by reason of the damages she may have sustained by reason of the nonfulfillment of the contract, and has sat supinely by, disregarding every obligation to be performed on her part in order to afford the plaintiff security for the money invested in the notes and mortgages executed by her."

For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.

WEBER, C. J., and GIDEON, and CHERRY, JJ., concur.

FRICK, J., did not participate.