[Civ. No. 42320. Second Dist., Div. Three. Nov. 29, 1973.]

FORD MOTOR COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CARTRADE, INC., Real Party in Interest.

**COUNSEL**

Iverson, Yoakum, Papiano & Hatch and Frank B. Yoakum, Jr., for Petitioner.

No appearance for Respondent.

Corinblit & Shapiro and Jack Corinblit for Real Party in Interest.

## Opinion

**COBEY, J.**—Petitioner, Ford Motor Company (hereafter Ford), seeks a writ of mandate directed to respondent Superior Court of the State of California for the County of Los Angeles, compelling the court to annul its earlier order denying Ford's motion for a summary judgment against Cartrade, Inc. (hereafter Cartrade), and to enter instead an order granting it.

The sole issue is whether a final judgment in Ford's favor, and against Cartrade, in an earlier action in federal court is res judicata, and, therefore, Ford's motion for summary judgment against Cartrade in the instant action should have been granted.

## Facts

On March 17, 1966, in an action commenced by Cartrade against Ford and the Ford Dealers Advertising Association of Southern California (hereafter F.D.A.A.) in the United States District Court for the Southern District of California, Central Division, Cartrade alleged that an illegal conspiracy existed between the codefendants in violation of sections 1 and 2 of the Sherman Act. (15 U.S.C. §§ 1, 2.) Both defendants obtained a directed verdict. The United States Court of Appeals for the Ninth Circuit affirmed the judgment, holding, among other things, that Cartrade failed to prove that the defendants had "as a primary purpose, putting Cartrade out of business or compelling it to conform to any anticompetitive practices." (*Cartrade, Inc.* v. *Ford Dealers Adv. Ass'n of So. Cal.* (9th Cir. 1971) 446 F.2d 289, 293.) The United States Supreme Court denied Cartrade's petition for writ of certiorari. (405 U.S. 997 [31 L.Ed.2d 465, 92 S.Ct. 1249].)

On April 14, 1969, Cartrade filed a complaint in respondent state court against the same parties. It alleged the same conspiratorial acts which had been pled in the federal action, but alleged them to be in violation of Business and Professions Code sections 16720 and 16726 of the Cartwright Act. Respondent court denied a defense motion for summary judgment against Cartrade made on the theory of res judicata.

## Discussion

Cartrade does not object to our having issued an alternative writ of mandate herein. It admits that Ford has no plain, speedy or adequate remedy in the ordinary course of law from the denial of Ford's motion

for summary judgment. We agree and that is why we issued the alternative writ in this case. (See Code Civ. Proc., § 1086.)

This holding leaves for decision, then, only the question of whether a peremptory writ ought to issue.

Ford contends that Cartrade split its cause of action against Ford when it commenced its Sherman Act suit in federal court against Ford and F.D.A.A. and did not join therein its state Cartwright Act cause of action. Ford argues that the federal court judgment against Cartrade is therefore res judicata.

■ A plaintiff may not split a single cause of action and try it piecemeal. To do so violates the public policy against permitting litigants to consume court time litigating matters that could and should have been settled in a prior action. (*Wulfjen* v. *Dolton,* 24 Cal.2d 891, 894-895 [151 P.2d 846].) ■ Pursuant to California's so-called "primary right theory" of what constitutes a single cause of action, even if a plaintiff has various forms of relief available to him (*id.,* pp. 895-896), or can present different legal theories for relief (see *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 638-639 [134 P.2d 242]), there remains only one cause of action if the facts indicate that only one primary right of the plaintiff has been violated. (*Wulfjen* v. *Dolton, supra,* 24 Cal.2d at p. 895; 3 Witkin, Cal. Procedure (2d ed. 1971) § 22, p. 1707; § 24, p. 1709.)

In the instant case, although different statutory remedies were available in the two actions, both were based on similar allegations which indicated that Cartrade's right to practice its business had been illegally interfered with by Ford and F.D.A.A. Our courts have consistently held that federal cases interpreting the Sherman Act are applicable to Cartwright Act cases. (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.,* 4 Cal.3d 842, 852-853 [94 Cal.Rptr. 785, 484 P.2d 953].) The two actions therefore rested on but a single invasion of one primary right, and therefore constituted a single cause of action. ■ When a party brings an action in federal court in which jurisdiction is based on a substantial federal issue (e.g., alleged violations of the Sherman Act), and a second distinct nonfederal ground exists in support of the federal claim, the federal court has pendent jurisdiction of the nonfederal issue and may dispose of it while disposing of the federal matter. (*Hurn* v. *Oursler,* 289 U.S. 238, 246 [77 L.Ed. 1148, 1154, 53 S.Ct. 586].) As the Supreme Court said in *Mine Workers* v. *Gibbs,* 383 U.S. 715, 725 [16 L.Ed.2d 218, 228, 86 S.Ct. 1130]: "[I]f, considered without regard to their federal or state character,

a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole."

A federal claim is substantial if it is not so unsound as a result of previous judicial decisions as to foreclose the subject and leave no room whatsoever for the inference that the questions sought to be raised can be the subject of controversy. (*Hannis Distilling Co.* v. *Baltimore,* 216 U.S. 285, 288 [54 L.Ed. 482, 483, 30 S.Ct. 326].) Substantiality is determined by the allegations in the complaint and not upon the facts as they may appear upon trial. (*Levering & Garrigues Co.* v. *Morrin,* 289 U.S. 103, 105 [77 L.Ed. 1062, 1064, 53 S.Ct. 549].) In the instant case Cartrade's federal complaint alleged that Ford and F.D.A.A. had as their purpose "to restrain and to eliminate competition in the car trading business and to attempt to monopolize . . . the business of car trading in Ford cars." Such an allegation, at the least, left room for the inference that the defendants had acted illegally. (See *Joseph E. Seagram & Sons, Inc.* v. *Hawaiian Oke & Liquors, Ltd.* (9th Cir. 1969) 416 F.2d 71, 76-80, cert. den., 396 U.S. 1062 [24 L.Ed.2d 755, 90 S.Ct. 752]; *Bridge Corp. of America* v. *American Contract B. L., Inc.* (9th Cir. 1970) 428 F.2d 1365, 1369.)

As its federal claim was substantial and Cartrade could and should have sued for both federal and state relief in its earlier federal action, its failure to do so constituted splitting of its one cause of action. (See *McCann* v. *Whitney* (Sup. 1941) 25 N.Y.S.2d 354, 357 [plaintiff was barred in state court from suing defendant for violation of New York's "Little Sherman Act" since plaintiff had previously sued defendant in federal court for violation of Sherman Act].)

As the rule against splitting is, in part, an application of the doctrine of res judicata, the state action is barred. (3 Witkin, Cal. Procedure, *supra,* § 32, pp. 1715-1716.)

Let a peremptory writ of mandate issue requiring respondent court to annul its order denying Ford's motion for summary judgment and to enter instead an order granting it.

Ford, P. J., and Allport, J., concurred.