Thomas **BELLISTON** et al., Plaintiffs and Appellants,

v.

**TEXACO, INC.,** a corporation, Defendant and Respondent.

No. 13322.

Supreme Court of Utah.

April 9, 1974.

Justin C. Stewart, Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiffs and appellants.

L. R. Gardiner, Jr., of Christensen, Gardiner, Jensen & Evans, Salt Lake City, Robert F. McGinnis, New York City, Milas C. Bradford, Jr., Denver, Colo., for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs, a group of Texaco lessee-dealers, initiated this action against Texa-

co, Inc. to recover damages for unlawful price discrimination in violation of Section 13–5–3(a), U.C.A.1953, of the Unfair Practices Act. Defendant pleaded res judicata and moved for summary judgment. The trial court ruled that the judgment in the case of Belliston v. Texaco, Inc., in the United States District Court for the District of Utah, and as modified by the United States Court of Appeals for the Tenth Circuit, was a bar to the instant complaint, and the doctrine of res judicata applied to the claim. Defendant was granted judgment, and plaintiffs appeal.

Plaintiffs filed an action in the federal district court in 1967 against Texaco, Inc., stating two counts. In the first count, plaintiffs alleged that defendant had committed three violations of the Sherman Act, 15 U.S.C., Sections 1, 2. In the second count, defendants were alleged to have engaged in price discrimination in violation of the Robinson-Patman Act, 15 U.S.C., Section 13(a). The jury awarded substantial damages to plaintiffs on each count; the judgment in favor of plaintiffs was appealed by defendant. The Court of Appeals reversed the judgment on both counts.[1]

Except for the jurisdictional requirements, the language of Section 3(a) of the Unfair Practices Act is substantially similar to the provisions of Section 13(a) of the Robinson-Patman Act. Plaintiffs concede that the substance of the state statute, the nature of their claim, and the type and amount of proof required thereunder are sufficiently similar to those same elements under the federal act as to raise the bar of res judicata, if the decision in the federal action had been on the merits rather than a dismissal for lack of federal jurisdiction.

■ In Wheadon v. Pearson[2] this court stated that the doctrine of res judicata applied not only to points and issues which were actually raised and decided in a prior action but also as to those that could have been adjudicated, with the qualification that the claim, demand, or cause be the same in both cases. If the parties have had an opportunity to present their case and judgment is rendered thereon, it is binding both as to those issues that were tried and to those that were triable in that proceeding, and they are precluded from further litigating the matter.[3]

Plaintiffs' appeal is predicated on the theory that since the Court of Appeals ruled that the "in commerce" requirement of the Robinson-Patman Act had not been met and consequently the trial court did not have jurisdiction, there had been no adjudication of their claim of price discrimination, and the instant action was not barred by the doctrine of res judicata. This argument does not resolve the matter, for the issue is whether the state claim should have been asserted in the federal action, so that the parties were precluded from relitigating the claim. The resolution of this issue is contingent on whether the federal court had the power to hear this state claim in the judicial proceeding before it.

■ Plaintiffs' complaint in the federal action indicated that there were grounds to plead jurisdiction based on diversity, i. e., plaintiffs were residents of Utah, and each sought damages of $25,000 for price discrimination, and defendant was a Delaware corporation with its principal office in New York. Since jurisdiction must be pleaded and proved in the federal courts and there is an alternative ground for jurisdiction of the instant claim, the concept of jurisdiction based on diversity need not be pursued.[4] Plaintiffs' pleadings invoked the jurisdiction of the federal courts concerning their price discrimination claim under the Clayton Act, 15 U.S.C., Sections

1. Belliston v. Texaco, Inc. (U.S.C.A. 10th, 1972), 455 F. 175.

2. 14 Utah 2d 45, 376 P.2d 946 (1962).

3. National Finance Company of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405 (1963).

4. However, it should be noted that in a case in which diversity of citizenship exists, it is not necessary to invoke the doctrine of pendent jurisdiction to show that a federal court has jurisdiction over a nonfederal claim. 5 A.L.R.3d, 1040, 1047, footnote 4.

15, 26. The federal court had pendent jurisdiction to hear plaintiffs' state claim under the Unfair Practices Act.

 In United Mine Workers v. Gibbs [5] the court stated that pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under the Constitution, the laws of the United States, or treaties, and the relationship between that claim and a state claim permits the conclusion that the entire action before the court comprises but one constitutional case. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court, i. e., the federal issues must not be so remote or play so minor a role at the trial that in effect the state claim only was tried. The state and federal claims must be derived from a common nucleus of operative fact. The court explained that if, without giving consideration to the federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding and assuming the substantiality of the federal issues, there is power in the federal courts to hear the whole. The justification of pendent jurisdiction is based on considerations of judicial economy, convenience, and fairness to litigants.

In the Gibbs case, the federal claim ultimately failed (the trial court granted a judgment n. o. v.), and the only recovery was on the state claim. The Supreme Court emphasized that the state and federal claims arose from the same nucleus of operative facts and reflected alternative remedies. The court upheld the power of the trial court to render judgment on the state claim, since the federal issues could not be deemed remote or to have played a minor role in the trial of the case.[6]

 In the instant action, plaintiffs have, in effect conceded that their state and federal claims for unlawful price discrimination arose from the same nucleus of operative facts. Was the federal claim of sufficient substance to confer jurisdiction of the subject matter on the federal court?

A federal claim is substantial if it is not so unsound as a result of previous judicial decisions as to foreclose the subject and leave no room whatsoever for the inference that the questions sought to be raised can be the subject of controversy. [Citation] Substantiality is determined by the allegations in the complaint and not upon the facts as they may appear upon trial. . . .[7]

Plaintiffs in their complaint alleged that the premium and regular grade gasoline sold by defendant to each of the plaintiffs' competitors moved in the flow of interstate commerce and was directly processed from crude oil that was shipped across state lines. Defendant challenged the jurisdiction of the trial court to hear the Robinson-Patman Act claim in its answer and during the trial with a motion to dismiss. Defendant claimed that all the alleged discriminatory sales took place in Utah and, therefore, the "in commerce" provision of the act had not been satisfied. The lower court ruled that crude oil and gasoline were the same, i. e., petroleum products. This determination was a requisite for jurisdiction under the "flow of commerce theory," since only crude oil crossed the state line into Utah. The court of appeals [8] determined that the trial court erred in this conclusion, and cited technical treatises describing the refining process. The court stated:

The production of gasoline from crude oil is a highly complex process requiring expensive, precision equipment and skilled technicians. We therefore conclude that when crude oil is refined into gasoline, the character of these products

5. 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed. 2d 218, 227 (1966).

6. Also see 81 Harv.Law Rev. 657, U. M. W. v. Gibbs and Pendent Jurisdiction.

7. Ford Motor Company v. Superior Court, 35 Cal.App.3d 676, 110 Cal.Rptr. 59, 61 (1973).

8. Note 1, supra.

is so changed that they cannot be equated as the "same stuff" to satisfy the requirements of the "flow of commerce theory." [9]

The appellate court held that the "in commerce" requirement of the Robinson-Patman Act had not been met, and the trial court did not have jurisdiction. The judgment of the trial court was reversed and set aside.

In the instant case, we must conclude that plaintiffs' federal claim was substantial. The allegations in the complaint indicated the substantiality of the claim. The determination of the appellate court did not cite previous judicial decisions which clearly foreclosed the subject as a federal claim. Under United Mine Workers v. Gibbs, the federal district court had the judicial power in the instant case to hear plaintiffs' state claim of unlawful price discrimination.[10] Since plaintiffs failed to assert their state claim, when the federal court had the power to adjudicate it with their federal claim, they are barred under the doctrine of res judicata from litigating these issues in the instant action.[11]

The judgment of the trial court is affirmed. Costs are awarded to defendant.

HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, Justice (dissenting):

The main opinion has properly set forth the proposition that the plaintiffs' claims for unlawful price discrimination under both the Federal and the State law have "the same nucleus of operative facts," so that they are essentially the same cause of action; and consequently the Federal court

could have acted upon and rendered judgment upon the cause of action under the state law. It appears quite clearly that the basis of the plaintiffs' claims are essentially the same under the Federal and the State law; and that the Federal court dismissed these claims, not on the merits, but upon a procedural point.

The decision of the Circuit Court of Appeals stated:

Texaco claims *lack of jurisdiction* in that all of the alleged discriminatory sales took place in Utah. Texaco contends, and we agree, that the "in commerce" provision of the Robinson-Patman Act has not been satisfied.

And the decision concludes:

The "in commerce" requirement of the Robinson-Patman Act has not been met. *The trial court did not have jurisdiction.* The judgment recovered under this count is reversed and set aside.[1]

Inasmuch as it thus appears that the reversal of the judgment by the Federal court was a decision "not on the merits" of the action, I am unable to see any reason why the plaintiffs are not entitled to the benefit of Sec. 78–12–40, U.C.A.1953, which provides:

If any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or otherwise if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits and the time limited either by law or contract for [commencement of the] same shall have expired, the plaintiff, . . . may commence a new action within one year after the *reversal or failure.*

9. At p. 180 of 455 F.2d.

10. See the following cases, wherein the federal courts have exercised pendent jurisdiction over a state claim with a federal antitrust matter: Knuth v. Erie-Crawford Dairy Cooperative Ass'n. (USDCWD Penn., (1971), 326 F. Supp. 48; Peerless Dental Supply Co. v. Weber Dental Mfg. Co. (USDCED Penn., 1969), 299 F.Supp. 331; Lewis v. Pennington (C.A.6th, 1968), 400 F.2d 806; Otto Milk Company v. United Dairy Farmers Coopera-

tive Assoc. (C.A.3d, 1967), 388 F.2d 789, 798.

11. McCann v. Whitney, 25 N.Y.S.2d 354 (1941); Ford Motor Company v. Superior Court, note 7, supra; Woods Exploration & Producing Co. v. Aluminum Company of America (C.A.5th, 1971), 438 F.2d 1286.

1. Belliston et al. v. Texaco, Inc., 455 F.2d 175 (10th Cir. 1972), cert. den. 408 U.S. 928, 92 S.Ct. 2494, 33 L.Ed.2d 341.

In accordance with that statute, the plaintiffs having commenced this action within one year after the dismissal by the Federal court, not on the merits, it should not be deemed barred by the statute of limitations.

Correlated to the above and for the same reason: that a party should be allowed his day in court to have an adjudication of his complaint on the merits, it is also well-established law that the Doctrine of Res Judicata only applies to prevent a party from pursuing his remedy when there has been a previous adjudication on the merits of the controversy.[2]

I would reverse the summary dismissal of the case, and remand it for further appropriate proceedings. [All emphasis added.]

2. Stephens v. Doxey, 58 Utah 196, 198 P. 261.